UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CECIL L. MORTON,<br><br>               Petitioner,<br>     v.<br><br>JASON BENNETT,<br><br>               Respondent. | CASE NO. 3:24-cv-05150-TMC-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: March 22, 2024 |

The District Court has referred this federal habeas action to United States Magistrate Judge David W. Christel. Petitioner Cecil L Morton, proceeding *pro se*, has filed a motion to proceed *in forma pauperis* ("IFP") (Dkt. 1) and a proposed § 2254 habeas petition (Dkt. 1-1).[1] Upon review of his petition, it plainly appears Petitioner is not entitled to habeas relief. Accordingly, the undersigned declines to order service upon Respondent, recommends the petition (Dkt. 1-1) be dismissed under Rule 4 of the Rules Governing § 2254 cases ("Habeas Rules"), and further recommends the IFP motion (Dkt. 1) be denied as moot.

---

[1] Although Petitioner checked a box indicating he was filing a § 2241 petition and used the standard form for such petitions, he is currently confined pursuant to a state court judgment of conviction. Dkt. 1-1; *see also State of Washington v. Morton, et al.,* Superior Court of Pierce County Cause No: 94–1–00829–5 (judgment entered September 21, 1994). As such, 28 U.S.C. § 2254 is the appropriate vehicle for challenging his confinement.

REPORT AND RECOMMENDATION - 1

## I. BACKGROUND

Petitioner is currently in custody at Stafford Creek Corrections Center, where he is serving a sentence arising out of his jury conviction for first-degree robbery, first-degree burglary, and three counts of first-degree rape with a deadly weapon. Dkt. 1-1, at 1; *State of Washington v. Morton, et al.,* Superior Court of Pierce County Cause No: 94–1–00829–5 (judgment entered September 21, 1994); *State v. Morton*, 89 Wash. App. 1054 (1998) (denial of direct appeal on same conviction).[2]

In 2017, Petitioner petitioned this Court for habeas relief on the same state-court conviction. *See also Morton v. Gilbert*, No. 17-CV-5536 RJB DWC, 2017 WL 5756883 (W.D. Wash. Nov. 28, 2017). The factual and procedural background for Petitioner's conviction, his 2017 petition, and the decision to dismiss the prior petition as time-barred were outlined in this undersigned's October 26, 2017 Report and Recommendation:

> On August 2, 1994, Petitioner was found guilty of three counts of rape in the first degree with a deadly weapon, one count of robbery in the first degree with a deadly weapon, and one count of burglary in the first degree. Dkt. 9, Exhibit 1. Petitioner was sentenced to 720 months imprisonment. *See id.* Petitioner challenged his conviction and sentence on direct appeal. *See* Dkt. 8, 9, Exhibit 3. The Court of Appeals of the State of Washington affirmed Petitioner's conviction on March 13, 1998. Dkt. 9, Exhibit 3. Petitioner filed a petition for review, which the Washington State Supreme Court denied on September 2, 1998. *Id.* at Exhibit 4.
>
> Petitioner filed an application for a state collateral attack, a Personal Restraint Petition ("PRP"), on October 14, 1999. *See id.* at Exhibit 5. The Court of Appeals of the State of Washington dismissed the PRP and, on October 5, 2000, the Washington State Supreme Court denied the motion for discretionary review. *Id.* at Exhibit 6.
>
> On July 6, 2009, Petitioner filed a second direct appeal regarding the rape convictions. Dkt. 9, Exhibits 7, 8, 9. The Court of Appeals of the State of Washington affirmed the rape convictions on June 8, 2010. *Id.* at Exhibit 11.

---

[2] The Court may take judicial notice of court filings and other matters of public record related to Petitioner's conviction. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n. 6 (9th Cir. 2006) (citing *Burbank–Glendale–Pasadena Airport Auth. v. City of Burbank,* 136 F.3d 1360, 1364 (9th Cir. 1998)).

REPORT AND RECOMMENDATION - 2

Case 3:24-cv-05150-TMC    Document 4    Filed 03/01/24    Page 3 of 9

Petitioner did not file a motion for discretionary review, and the state court of appeals issued its mandate on August 6, 2010. *Id.* at Exhibit 12.

Petitioner also filed a second and third PRP. *See* Dkt. 10, Exhibit 13; Dkt. 12, Exhibit 19. Petitioner's second PRP was filed July 29, 2015. *See* Dkt. 10, Exhibits 13, 14; Dkt. 11, Exhibit 15. The Court of Appeals of the State of Washington dismissed the second PRP on January 7, 2016. Dkt. 11, Exhibit 16. The Washington State Supreme Court denied Petitioner's motion for discretionary review on December 13, 2016. *Id.* at Exhibits 17, 18. Petitioner filed his third PRP on March 31, 2017. Dkt. 12, Exhibit 19. On May 12, 2017, the Court of Appeals of the State of Washington dismissed the third PRP. *Id.* at Exhibit 20. Petitioner filed a motion for discretionary review with the Washington State Supreme Court, which is still pending. *Id.* at Exhibit 21; *see also* Dkt. 8.

On July 11, 2017, Petitioner filed the Petition. Dkt. 4, p. 15. On August 28, 2017, Respondent filed a Motion to Dismiss, wherein she asserts the Petition was filed after the limitations period expired. Dkt. 8. Respondent maintains the Petition is therefore time-barred and should be dismissed with prejudice. Dkt. 8.

*Morton v. Gilbert*, No. 317CV05536RJBDWC, 2017 WL 5899551, at *1 (W.D. Wash. Oct. 26, 2017), *report and recommendation adopted*, No. 17-CV-5536 RJB DWC, 2017 WL 5756883 (W.D. Wash. Nov. 28, 2017) (footnotes excluded). Upon review of the 2017 petition and Respondent's answer, the undersigned concluded the petition was untimely and no extraordinary circumstances warranted application of equitable tolling principles. *Morton*, 2017 WL 5899551, at *4. The District Court affirmed the October 26, 2017 Report and Recommendation and dismissed Petitioner's 2017 petition with prejudice. *Morton*, 2017 WL 5756883, at *2–3.

Petitioner sought review of the District Court's decision by the Ninth Circuit Court of Appeals and the United States Supreme Court, but both requests for review were denied. *Morton v. Gilbert,* No. 18-35027, 2018 WL 1779051, at *1 (9th Cir. Mar. 12, 2018) (denying certificate of appealability); *Morton v. Haynes*, 139 S. Ct. 432, 202 L. Ed. 2d 330 (2018) (denying petition for writ of certiorari).

Approximately 5 years after his 2017 petition was denied, Petitioner filed the instant petition. Dkt. 1-1. Here, Petitioner raises two grounds for relief. On Ground One, he asserts his

REPORT AND RECOMMENDATION - 3

First Amendment right to access courts has been violated by Pierce County District Court. Specifically, Petitioner complains Pierce County District Court initially refused service of two state-court motions he filed in December 2023. Dkt. 1-3. Although the motions have since been accepted by Pierce County District Court, Petitioner complains his motions hearing was canceled and no further action has been taken to resolve his motions. *Id.* On Ground Two, he asserts he was arrested without a warrant in connection with his underlying conviction in contravention of the Fourth Amendment to the United States Constitution. Dkt. 1-4.

The Court now screens the petition (Dkt. 1-1) to determine whether ordering service upon Respondent is appropriate.

## II.  LEGAL STANDARD

Under Rule 4 of the Habeas Rules, the Court is required to perform a preliminary review of a habeas petition. The Rule specifically directs the Court to dismiss a habeas petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Under Rule 2(a) of the Habeas Rules, "the petition must name as respondent the state officer who has custody." Further, the petition must:

> (1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the petitioner or person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

*Id.* at Rule 2(c). The petition must "substantially follow" a form prescribed by the local district court or the form attached to the Habeas Rules. *Id.* at Rule 2(d).

## III.  DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA") implemented a gatekeeper function, requiring that successive § 2254 petitions be dismissed unless they meet one

of the exceptions outlined in 28 U.S.C. § 2244(b)(2). "The bar of successive petitions applies only to petitions adjudicated and denied on the merits in the previous federal habeas corpus proceeding." *Turner v. Terhune*, 78 F. App'x 29, 30 (9th Cir. 2003) (citing *Steward v. Martinez-Villareal*, 523 U.S. 637, 645 (1998)). "A disposition is 'on the merits' if the district court either considers and rejects the claims or determines that the underlying claim will not be considered by a federal court." *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009) (citing *Howard v. Lewis*, 905 F.3d 1318, 1322 (9th Cir. 1990). Dismissal of a first petition with prejudice because of a procedural default that forecloses review by federal courts is an adjudication on the merits. *McNabb*, 576 F.3d at 1029. Where, as here, the first habeas petition was dismissed as untimely, the prior dismissal constitutes resolution on the merits and serves as a permanent bar to successive petitions. *Id*. at 1030. However, "[a] habeas petition is second or successive only if it raises claims that were or could have been adjudicated on the merits" in the prior petition. *Id.* at 1029.

    Before a petitioner is allowed to file a second or successive petition, he must obtain an order from the Court of Appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3); Rule 9 of the Habeas Rules; Ninth Circuit Rule 22-3; *see also Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008). In the absence of an such an order authorizing review, a district court lacks jurisdiction to consider a second or successive petition. *See Magwood v. Paterson*, 561 U.S. 320, 331 (2010); *Burton v. Stewart*, 549 U.S. 147, 157 (2007). Stated another way, this Court is unable to review habeas claims that could have been brought in a prior petition, unless the petitioner first obtains permission from the Ninth Circuit to file a successive petition.

    Accordingly, in determining whether it can consider a potentially successive petition, the Court asks three questions: (1) was the prior petition adjudicated on the merits? (2) could the

REPORT AND RECOMMENDATION - 5

habeas claims raised in the new petition have also been raised in the prior petition? and (3) did the petitioner obtain permission to file the new petition? If the first and second questions are answered in the affirmative, the answer to the final question must also be "yes." Otherwise, the Court lacks jurisdiction, and the successive petition must be dismissed.

Here, the answer to the first question is "yes"—Petitioner's prior petition was dismissed as time-barred, which constitutes an adjudication on the merits. *McNabb*, 576 F.3d at 1030.

Thus, the Court proceeds to the second question: could the habeas claims brought in the instant petition have also been raised in the 2017 petition? The answer to that question, though somewhat complicated by the nature of Petitioner's first ground for relief, is also "yes."

Arguably, Petitioner could not have raised Ground One—which involves relatively recent actions by Pierce County District Court—in his prior petition. Nevertheless, Ground One is not a true ground for habeas relief and must be dismissed. Even assuming Petitioner has stated a cognizable First Amendment claim, the only claims reviewable in a habeas petition are those "attacking the validity of the fact or length of [a petitioner's] confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973). Because Petitioner's First Amendment claim attacks neither the fact nor the length of his confinement, it is not a proper claim for habeas relief. Accordingly, if Petitioner would like to pursue a claim for damages or other forms of relief based on the alleged violation of his First Amendment rights, he must do so in a separate action filed pursuant to 42 U.S.C. § 1983. For the purposes of his § 2254 habeas petition currently before the Court, however, the Court finds Ground One should be dismissed as an improper ground for habeas relief.

Regarding his second ground for relief in which he asserts his Fourth Amendment rights were violated when he was arrested without a warrant in connection with his underlying

conviction, this claim could have been raised in his prior petition. 28 U.S.C. § 2244 (successive claims are barred unless the petitioner shows the claim "relies on a new rule of constitutional law" or "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence.") Even assuming Petitioner's contention about his warrantless arrest is true, there is no evidence or indication that, at the time he filed his prior petition, Petitioner was unaware or could not have reasonably discovered he was arrested without a valid warrant in violation of the Fourth Amendment. *See Griffin v. Kirkpatrick*, No. 108CV00886LJVMJR, 2022 WL 2758003, at *5 (W.D.N.Y. Mar. 25, 2022), *report and recommendation adopted*, No. 08-CV-886-LJV-MJR, 2022 WL 2207178 (W.D.N.Y. June 21, 2022) (noting Circuit Court denied leave to file successive petition where there was no indication factual predicate of Fourth Amendment claim was unknown or previously undiscoverable); *Younger v. Snyder*, No. 94-CV-687-SLR, 1995 WL 761771, at *5 (D. Del. Dec. 7, 1995) (dismissing Fourth Amendment claim as successive where there was no indication it could not have been brought in prior petition). Because his Fourth Amendment claim could have been raised in Petitioner's 2017 petition, the instant petition is successive.[3]

      Therefore, the Court proceeds to the third and final question: did Petitioner obtain permission before filing the instant petition? The answer is "no," there is no evidence or allegation Petitioner obtained permission from the Circuit Court before filing the instant petition. Petitioner has framed his petition as one filed pursuant to 28 U.S.C. § 2241. Dkt. 1-4, at 2–3 (arguing his petition is properly brought under 28 U.S.C. § 2241). As stated above, Petitioner is

---

[3] Even if Petitioner's Fourth Amendment claim were not successive, there is an additional barrier to obtaining federal habeas relief on that claim. In *Stone v. Powell*, the Supreme Court held that a federal habeas petitioner may not challenge their state conviction on Fourth Amendment grounds if they have already had a full and fair opportunity to litigate those claims in state court, 428 U.S. 465, 494 (1976). This rule significantly limits the scope of federal habeas review where, as here, a petitioner raises claims involving an unconstitutional search or seizure.

REPORT AND RECOMMENDATION - 7

in custody pursuant to a state court judgment, so the proper mechanism for challenging his confinement is 28 U.S.C. § 2254. As result, Petitioner's framing of his petition under 28 U.S.C. § 2241 does not eliminate the need for him to obtain permission from the Circuit Court before filing his instant petition.[4]

Accordingly, Petitioner's failure to obtain leave before filing the instant petition necessitates dismissal for lack of jurisdiction.

## IV. CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (*citing Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Reasonable jurists would not find it debatable that the instant petition should be dismissed for lack of jurisdiction. Accordingly, this Court concludes Petitioner is not entitled to a certificate of appealability with respect to the petition.

---

[4] The Court notes, however, even if § 2241 were the proper mechanism for challenging Petitioner's confinement, the instant petition would still be barred by the abuse of writ doctrine. "The doctrine of abuse of the writ generally forbids the reconsideration of claims that were or could have been raised in a prior habeas petition." *Alaimalo v. United States*, 645 F.3d 1042, 1049 (9th Cir. 2011) (quotations and citations omitted). Under the abuse of writ doctrine, claims brought in a "successive petition" are barred "unless the petitioner can show (1) cause for bringing a successive petition and that prejudice would result or (2) that a fundamental miscarriage of justice would result from failure to entertain the claim." *McCleskey v. Zant*, 499 U.S. 467, 489 (1991).

## V. CONCLUSION

For the reasons outlined above, it plainly appears from the instant petition Petitioner is not entitled to relief he seeks. Thus, in accordance with Rule 4 of the Habeas Rules, the Court declines to serve the instant petition and, instead, recommends the petition (Dkt. 1-1) be dismissed with prejudice, a certificate of appealability not be issued, and the IFP motion (Dkt. 1) be denied as moot.

As explained above, if Petitioner wishes to file a second or successive petition in this Court, he must first obtain an order from the Court of Appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); Rule 9 of the Rules Governing Section 2254 Proceedings for the United States District Court.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on March 22, 2024, as noted in the caption.

Dated this 1st day of March, 2024.

David W. Christel
United States Magistrate Judge