UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CECIL L. MORTON,<br><br>    Petitioner,<br><br> v.<br><br>JASON BENNETT,<br><br>    Respondent. | Case No. 3:24-cv-05150-TMC-DWC<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

  The Court, having reviewed the Report and Recommendation of Magistrate Judge David W. Christel (Dkt. 4), Petitioner Cecil L. Morton's objections to the Report and Recommendation (Dkt. 5), and the remaining record, does hereby find and ORDER:

  (1) The Court adopts the Report and Recommendation.

    a. The Court has conducted de novo review of the Report and Recommendation based on Mr. Morton's objections. Fed. R. Civ. P. 72(b); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). The Court will address each objection in turn.

    b. Mr. Morton first objects that "[t]he Report and Recommendation failed to address Petitioner's Request for Certification in U.S.C. section 2241 Action."

ORDER ADOPTING REPORT AND RECOMMENDATION - 1

Dkt. 5 at 1. But the R&R does address this: Judge Christel explained that "[a]lthough Petitioner checked a box indicating he was filing a § 2241 petition . . . he is currently confined pursuant to a state court judgment . . . as such, 28 U.S.C. § 2254 is the appropriate vehicle for challenging his confinement." Dkt. 4 at 1 n.1, 7–8. Judge Christel's conclusion is correct. *White v. Lambert*, 370 F.3d 1002, 1006–07 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc).

c. Mr. Morton next objects that the R&R "failed to address Petitioner's Affidavit in Support of 28 U.S.C. section 2241." Dkt. 5 at 1. Judge Christel declined to address the merits of Mr. Morton's claims because he has not met the requirements for filing a second or successive habeas petition, and this Court therefore does not have jurisdiction to consider the merits of his claims. Dkt. 4 at 4–8. The Court agrees with Judge Christel's conclusion.

d. Mr. Morton's third objection is that the R&R "failed to take judicial notice pursuant to mandatory provision of section (d), nor was Petitioner allowed to be heard pursuant to section (e). ER 201." Dkt. 5 at 1. Along with his proposed petition, Mr. Morton filed a proposed motion requesting judicial notice of several other motions, which it appears Mr. Morton intended to file in state court in Pierce County. *See* Dkt. 1-5. Judge Christel correctly declined to address this because this Court does not have jurisdiction over Mr. Morton's petition.

e. Mr. Morton also objects that the R&R "failed to order the Respondent to produce a certified copy of the Arrest Warrant which is necessary for claim adjudication." Dkt. 5 at 2. As explained above, Judge Christel did not consider

the merits of Mr. Morton's claims, or direct service of his proposed habeas petition on the Respondent, because Mr. Morton has not met the requirements for a second or successive petition and this Court lacks jurisdiction over his claims.

    f. Mr. Morton's final objection is that the R&R "failed to consider whether or not an evidentiary hearing would benefit a merits resolution; nor Petitioner's right to contest factual disputes and expand the record." Dkt. 5 at 2. This objection fails for the same reasons discussed above; the Court cannot move on to considering whether an evidentiary hearing or expansion of the record is warranted when it lacks jurisdiction over the merits of the petition.

(2) Petitioner's federal habeas Petition is dismissed for lack of jurisdiction.

(3) A certificate of appealability is denied in this case.

(4) The Clerk is directed to send copies of this Order to Petitioner, counsel for Respondent, and to the Hon. David W. Christel.

Dated this 2nd day of May, 2024.

Tiffany M. Cartwright
United States District Judge